**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>**PUBLISH**</u>

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TYLER SANCHEZ,

     Plaintiff-Appellee,

v.

JOE RYAN HARTLEY, Detective, in his individual capacity; RYAN WOLFF, Detective, in his individual capacity; MIKE DUFFY, Detective, in his individual capacity; HEATHER MYKES, Detective, in her individual capacity; MICHAEL DICKSON, Investigator, in his individual capacity; BOARD OF COUNTY COMMISSIONERS OF DOUGLAS COUNTY, COLORADO; DOUGLAS COUNTY SHERIFF'S OFFICE,

     Defendants-Appellants,

and

OFFICE OF THE DISTRICT ATTORNEY FOR THE EIGHTEENTH JUDICIAL DISTRICT,

     Defendant.

No. 14-1385

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:13-CV-01945-WJM-CBS)**
_____

Kelly Dunnaway (Christopher K. Pratt, with him on the briefs), Douglas County Attorney's Office, Castle Rock, Colorado, for Mike Duffy, Detective Heather Mykes, The Board of County Commissioners of Douglas County, and Douglas County Sheriff's Office, Defendants-Appellants.

Keith M. Goman (Andrew David Ringel, with him on the briefs), Hall & Evans, LLC, Denver, Colorado, for Michael Dickson, Defendant-Appellant.

Gordon L. Vaughan, and Ann B. Smith, Vaughan & DeMuro, Colorado Springs, Colorado, on the briefs, for Joe Ryan Hartley and Ryan Wolff, Defendants-Appellants.

John A. Culver (Seth J. Benezra, with him on the brief), Benezra & Culver, Lakewood, Colorado, for Plaintiff-Appellee.

_____

Before **TYMKOVICH**, Chief Judge, **MURPHY**, and **BACHARACH**, Circuit Judges.

_____

**BACHARACH**, Circuit Judge.

_____

Mr. Tyler Sanchez sued state detectives and an investigator, alleging that they had used a confession to obtain legal process even though they knew the confession was untrue. The defendants moved to dismiss based in part on qualified immunity and expiration of the limitations period. The district court rejected both grounds, and the defendants brought this interlocutory appeal. We affirm the district court's denial of the defendants' motion to dismiss on the basis of qualified immunity; and we dismiss the defendants' appeal of the district court's ruling on the statute of limitations, holding that we lack jurisdiction on this part of the appeal.

2

## I.    Mr. Sanchez's Claim

This appeal grew out of an investigation into a 2009 burglary and sexual assault of an 8-year-old girl. Four detectives (Joe Ryan Hartley, Ryan Wolff, Mike Duffy, and Heather Mykes) and an investigator (Michael Dickson) participated in the investigation. In carrying out the investigation, the detectives and investigator interviewed Mr. Sanchez, an 18-year-old with substantial cognitive disabilities. After lengthy interviews, Mr. Sanchez confessed to the burglary but not the sexual assault. The confession led the district attorney to charge Mr. Sanchez with burglary and sexual assault. Based in part on this confession, multiple judges found probable cause, resulting in pretrial detention.

Mr. Sanchez alleges that his confession was false, explaining that he confessed only because his disabilities prevented him from understanding what was happening during the interviews. A subsequent medical examination supported Mr. Sanchez's explanation, and the district attorney dropped the charges in April 2012.

After dismissal of the charges, Mr. Sanchez sued under 42 U.S.C. § 1983, arguing that the defendants had committed malicious prosecution in violation of the Fourth Amendment by using a false confession to institute legal process and cause continued pretrial detention.

The defendants moved for dismissal, and the district court denied the motion. The defendants then brought this interlocutory appeal, arguing that

3

the district court should have ordered dismissal based on qualified immunity and the statute of limitations. These arguments do not justify reversal. Mr. Sanchez's factual allegations are sufficient to overcome qualified immunity at the pleadings stage, and we lack appellate jurisdiction on the issue involving the statute of limitations.

**II.     We engage in de novo review of the district court's denial of qualified immunity.**

In considering the defense of qualified immunity, we engage in de novo review. *Peterson v. Jensen*, 371 F.3d 1199, 1201-02 (10th Cir. 2004). This review is based on our standards for dismissal and qualified immunity.

Under the standard for dismissal, we assume that all of the allegations in the complaint are true and view the reasonable inferences in the light most favorable to Mr. Sanchez. *Anderson v. Suiters*, 499 F.3d 1228, 1232 (10th Cir. 2007). In applying this standard to the defense of qualified immunity, we consider whether Mr. Sanchez's factual allegations and related inferences show the violation of a clearly established constitutional right. *Lybrook v. Members of Farmington Mun. Sch. Bd. of Educ.*, 232 F.3d 1334, 1337 (10th Cir. 2000).

### III. Mr. Sanchez adequately pleaded the violation of a clearly established constitutional right.

Mr. Sanchez argues that the complaint stated a constitutional violation by alleging that the detectives and investigator had used a confession that they knew was untrue. We agree.

#### A. Mr. Sanchez alleged the violation of a constitutional right.

In the complaint, Mr. Sanchez brings a § 1983 claim against the defendants for malicious prosecution in violation of the Fourth Amendment. In our view, Mr. Sanchez adequately pleaded the violation of a constitutional right.[1]

According to Mr. Sanchez, the detectives and investigator sought legal process based on the confession even though they either knew the confession was untrue or recklessly ignored that possibility. If Mr. Sanchez's allegation is credited, it would involve a constitutional violation, for we have held that the Fourth Amendment prohibits officers from knowingly or recklessly relying on false information to institute legal process when that process results in an unreasonable seizure. *Pierce v. Gilchrist*, 359 F.3d 1279, 1292, 1298-99 (10th Cir. 2004). Therefore, Mr.

---

[1] "Under our cases, a § 1983 malicious prosecution claim includes the following elements: (1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008).

Sanchez's factual allegations, if proven, would entail a Fourth Amendment violation.

The defendants do not dispute that in the abstract, the Constitution is violated when an officer knowingly or recklessly uses false information to institute legal process. *See* Appellants' Reply Br. at 19 (conceding that the defendants "do not argue it is constitutional to knowingly use false statements"). Instead, the defendants present five reasons that the complaint fails to allege violation of a constitutional right for purposes of Section 1983[2]:

1. Section 1983 does not permit recovery for malicious prosecution under the Fourth Amendment.

2. In the complaint, Mr. Sanchez did not adequately allege knowledge or recklessness.

3. Mr. Sanchez's only possible claim is for false imprisonment, not malicious prosecution.

4. A malicious-prosecution theory could implicate the District Attorney, but not the detectives or the investigator because they could not have decided to prosecute Mr. Sanchez.

5. Mr. Sanchez has not alleged conduct that would shock the conscience.

---

[2] The appeal was brought by all defendants, including the Douglas County Board of County Commissioners and the Douglas County Sheriff's Office. But qualified immunity is available only to defendants sued in their individual capacities. *Langley v. Adams Cty.*, 987 F.2d 1473, 1477 (10th Cir. 1993). Thus, the district court's ruling on qualified immunity affected only the individual defendants, not the board of county commissioners or the sheriff's office.

6

We reject each argument.

**1.     Under § 1983, an arrestee can recover for malicious prosecution under the Fourth Amendment.**

The defendants argue that § 1983 might allow recovery for malicious prosecution based on violation of the Fourteenth Amendment, but not the Fourth Amendment. We disagree, for we have repeatedly recognized a cause of action under § 1983 for malicious prosecution under the Fourth Amendment. *See, e.g.*, *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013) (discussing a § 1983 claim for malicious prosecution under the Fourth Amendment); *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir. 2008) (same); *Taylor v. Meacham*, 82 F.3d 1556, 1560-61 (10th Cir. 1996) (same).

The defendants point to two opinions in arguing that § 1983 does not allow recovery for malicious prosecution under the Fourth Amendment: *Mondragón v. Thompson* and *Rehberg v. Paulk*. The defendants' reliance on these opinions is misguided.

The defendants first argue that under *Mondragón v. Thompson*, 519 F.3d 1078 (10th Cir. 2008), a malicious prosecution resulting in legal process is actionable under the Fourteenth Amendment as a deprivation of procedural due process, but is not actionable under the Fourth Amendment. It is true that *Mondragón* recognized the existence of a § 1983 malicious-prosecution claim based on the Fourteenth Amendment. *Mondragón*, 519

7

F.3d at 1083. In dictum, we questioned whether the same claim could also be based on the Fourth Amendment. *Id.* at 1083 n.4. In subsequent cases, however, we squarely addressed this question, recognizing a cause of action under § 1983 for malicious prosecution based on the Fourth Amendment. *See, e.g., Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013). Our dictum in *Mondragón* does not negate our more recent pronouncements recognizing such a cause of action under § 1983.

The defendants also argue that reliance on the Fourth Amendment is precluded by *Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497 (2012). But *Rehberg* does not bear on our issue. There the Supreme Court held only that "a grand jury witness," including a law-enforcement officer, "has absolute immunity from any § 1983 claim based on the witness' testimony." *Rehberg*, 132 S. Ct. at 1506. Mr. Sanchez's allegations relate to the defendants' conduct before Mr. Sanchez was charged, not testimony before a grand jury. Thus, *Rehberg* does not undermine our precedents allowing recovery under § 1983 for malicious prosecution based on violation of the Fourth Amendment.

In our view, a cause of action exists under § 1983 for malicious prosecution in violation of the Fourth Amendment.

### 2. The complaint contains sufficient allegations of knowledge or recklessness.

To state a claim for a Fourth Amendment violation, Mr. Sanchez bears the burden of alleging facts indicating not only that the confession was untrue, but also that the defendants either knew that the confession was untrue or recklessly disregarded that possibility. *See Wolford v. Lasater*, 78 F.3d 484, 489 (10th Cir. 1996) ("It is a violation of the Fourth Amendment for an arrest warrant affiant to 'knowingly, or with reckless disregard for the truth,' include false statements in the affidavit." (quoting *Franks v. Delaware*, 438 U.S. 154, 155 (1978))). Relying on this burden, the defendants argue that Mr. Sanchez failed to allege facts indicating knowledge that the confession was untrue or reckless disregard of this possibility. We disagree.

On this issue, we must determine whether Mr. Sanchez has plausibly alleged the defendants' knowledge or reckless disregard for the truth. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (holding that to survive a motion to dismiss, the plaintiff must "state a claim to relief that is plausible on its face"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged]

9

facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

Mr. Sanchez satisfied this standard. In the complaint, he provided factual allegations and details that would plausibly indicate that the defendants either knew the confession was untrue or acted in reckless disregard of the truth. For example, Mr. Sanchez alleged these six facts in the complaint:

1.   The victim of the sexual assault gave a description of her attacker that did not suggest Mr. Sanchez. According to the victim, the attacker was roughly 40 years old, weighed about 190 pounds, had no tattoos, and had brown hair parted down the middle. *See* Appellants' App'x at 109. Mr. Sanchez was only 18 years old, weighed only about 130 pounds, had prominently displayed tattoos on both arms, and had buzz-cut red hair. *See id.* The detectives and investigator knew that Mr. Sanchez did not fit the victim's description of the perpetrator. *See id.* at 111 (Detectives Wolff and Hartley), 114 (Detectives Duffy and Mykes), 118 (Investigator Dickson).

2.   Mr. Sanchez has pronounced cognitive and developmental disabilities and IQ test scores in the 60s and 70s. These disabilities cause Mr. Sanchez to engage in noticeably unusual behavior. *See id.* at 108-09.

3.   In interviews with the defendants, Mr. Sanchez had significant difficulty understanding and responding to questions. *See, e.g., id.* at 110-12, 114-15.

4.   Mr. Sanchez's unusual behavior in the interviews was amplified by fatigue. He had been awake for over 30 hours by the end of the interviews, and he repeatedly told the defendants that he was tired and spoke with his eyes closed. *See id.* at 113-14, 117.

10

5.    The detectives and investigator noticed Mr. Sanchez's unusual behavior. At one point, two detectives asked Mr. Sanchez if he was simply saying what they wanted to hear. *See id.* at 112 (Detectives Wolff and Hartley). One of the detectives wrote that Mr. Sanchez had difficulty remembering details of his supposed crimes and had given vague answers. *See id.* (Detective Wolff). Two other detectives suspected intoxication, asking Mr. Sanchez to take a urine test to verify that he was not under the influence of drugs or alcohol. *See id.* at 116 (Detectives Mykes and Duffy). And the investigator observed that Mr. Sanchez was behaving unusually and experiencing difficulty answering questions. *See id.* at 119 (Investigator Dickson).

6.    Mr. Sanchez was unable to give any details regarding his involvement in the crime. Instead, Mr. Sanchez simply agreed to the details suggested to him. At one point, Mr. Sanchez agreed to an untrue detail that the investigator had posed (that Mr. Sanchez had climbed into the victim's second-story window with a ladder). As the investigator knew, no ladder was found at the scene. *See id.* at 122.

These alleged facts plausibly support the required inference of the defendants' knowledge or recklessness.

In oral argument, defense counsel suggested that the complaint does not contain sufficient factual allegations to support an inference of knowledge or recklessness against the investigator. Oral Argument at 31:40-33:10. We disagree. The complaint alleges that (1) the investigator noticed Mr. Sanchez's abnormal behavior and inability to provide any detail about the burglary and sexual assault and (2) Mr. Sanchez agreed to a detail about the crime that the investigator knew was untrue. These allegations plausibly support the required inference that the investigator

11

knew that the confession was untrue or recklessly disregarded this possibility.

### 3. The initial warrantless arrest of Mr. Sanchez does not ` invalidate Mr. Sanchez's claim of malicious prosecution.

Our case law distinguishes between seizures based on whether they are imposed with or without legal process. Though both types of seizures implicate the Fourth Amendment, seizures imposed pursuant to legal process generally trigger claims for malicious prosecution, while seizures imposed without legal process generally trigger claims for false imprisonment. *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013). Based on this distinction, the defendants argue that Mr. Sanchez could assert only a false-imprisonment claim because he was arrested and detained without a warrant.

This argument is foreclosed by *Wilkins v. DeReyes*, 528 F.3d 790 (10th Cir. 2008). There we recognized a cause of action under § 1983 for malicious prosecution in violation of the Fourth Amendment for seizures that occur after a warrantless arrest. *Wilkins*, 528 F.3d at 798. "If arrested without a warrant . . . a plaintiff can challenge the probable cause determination made during the constitutionally-required probable cause hearing," which must occur after the initial warrantless arrest. *Id.* (citation omitted). A plaintiff who brings such a challenge "would state a Fourth

12

Amendment violation sufficient to support a § 1983 malicious prosecution cause of action." *Id.* at 799.

Our holding in *Wilkins* forecloses the defendants' argument that Mr. Sanchez is confined to a false-imprisonment claim because he was arrested without a warrant. It is true that the defendants initially arrested Mr. Sanchez without a warrant and, therefore, without legal process. But after this warrantless arrest, there were multiple judicial determinations of probable cause to detain Mr. Sanchez on all of the pending charges. Based on this legal process, Mr. Sanchez spent an additional 125 days in jail.

Under *Wilkins*, Mr. Sanchez's theory states a valid claim under § 1983 for malicious prosecution in violation of the Fourth Amendment, and Mr. Sanchez's initial warrantless arrest is immaterial to the validity of this claim. *See id.*[3]

### 4. The malicious-prosecution theory is not confined to the District Attorney.

The defendants also argue that the malicious-prosecution claim must be confined to the District Attorney because he was the official who decided to prosecute. The defendants provide no support for this argument, and it is invalid under *Pierce v. Gilchrist*. There we held that a malicious-

---

[3] After releasing Mr. Sanchez, the district court imposed pretrial restrictions. The defendants argue that restrictions on movement did not qualify as a seizure under the Fourth Amendment. We need not address this argument because the jailing for 125 days constituted a seizure.

13

prosecution theory would lie against a forensic analyst even though she did not (and could not) decide to prosecute:

> [The forensic analyst] cannot "hide behind" the fact that she neither initiated nor filed the charges against [the plaintiff]. The actions of a police forensic analyst who prevaricates and distorts evidence to convince the prosecuting authorities to press charges is no less reprehensible than an officer who, through false statements, prevails upon a magistrate to issue a warrant. In each case the government official maliciously abuses a position of trust to induce the criminal justice system to confine and then to prosecute an innocent defendant.

*Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004); *see also Stonecipher v. Valles*, 759 F.3d 1134, 1147 (10th Cir. 2014) ("Of course, the fact that a government lawyer makes the final decision to prosecute does not automatically immunize an officer from liability for malicious prosecution.").

Like the forensic analyst in *Pierce*, the four detectives and investigator would incur liability under a malicious-prosecution theory if they knowingly or recklessly used false information to institute legal process.

**5.      The shock-the-conscience standard does not bear on Mr. Sanchez's Fourth Amendment claim.**

The defendants argue that Mr. Sanchez has not pleaded facts that would shock the conscience. But this argument is irrelevant because Mr. Sanchez did not need to plead facts that shock the conscience.

14

The "shock the conscience" standard governs claims involving substantive due process. *Ruiz v. McDonnell*, 299 F.3d 1173, 1183 (10th Cir. 2002). Reliance on this standard is mistaken because Mr. Sanchez has not invoked substantive due process. Instead, he invokes the Fourth Amendment. For a claim under the Fourth Amendment, Mr. Sanchez need not plead facts that shock the conscience. *See Frohmader v. Wayne*, 958 F.2d 1024, 1027 (10th Cir. 1992) ("The due process standard is more onerous than the Fourth Amendment reasonableness standard since the former requires, in addition to undue force, personal malice amounting to an abuse of official power sufficient to shock the conscience.").

\* \* \*

Because Mr. Sanchez has pleaded facts reflecting a constitutional violation, we must determine if the underlying right was clearly established when the alleged violation took place.

**B.     The underlying right under the Fourth Amendment was clearly established when the violation occurred.**

Mr. Sanchez alleges that the defendants either knowingly or recklessly used an untrue confession to initiate legal process. As we have explained, this conduct would violate the Fourth Amendment. But to overcome qualified immunity, Mr. Sanchez must also show that the underlying right was clearly established in 2009, when the events took place. He has made that showing.

15

**1.      The underlying constitutional right was clearly established at the time of the alleged conduct.**

By 2009, our precedents had clearly established that the defendants' alleged actions would have violated the Fourth Amendment. Five years earlier, we had held in *Pierce v. Gilchrist*, 359 F.3d 1279 (10th Cir. 2004), that "[n]o one could doubt that the prohibition on falsification or omission of evidence, knowingly or with reckless disregard for the truth, was firmly established as of 1986, in the context of information supplied to support a warrant for arrest." 359 F.3d 1279, 1298 (10th Cir. 2004). Under *Pierce*, the four detectives and investigator should have known by 2009 that the knowing or reckless use of a false confession would violate the Fourth Amendment.

**2.      The defendants' arguments to the contrary are invalid.**

The defendants present three arguments that Mr. Sanchez's asserted constitutional right was not clearly established in 2009:

1.      The Fourth Amendment did not require accommodation of a cognitive disability.

2.      The contours of a malicious-prosecution claim were ill defined.

3.      It was not clearly established that a seizure imposed pursuant to wrongful legal process would violate the Fourth Amendment (as opposed to the Fourteenth Amendment).

Each argument is invalid.

First, the defendants contend that the Fourth Amendment did not clearly require interrogators to (1) determine whether a suspect had

16

cognitive disabilities or (2) accommodate these disabilities. But this contention reflects confusion on Mr. Sanchez's claim. Mr. Sanchez claims that the defendants either knew that his confession was untrue or recklessly disregarded that possibility. If that was the case, the defendants would have violated the Fourth Amendment, regardless of whether they had a specific duty to ascertain and accommodate Mr. Sanchez's cognitive difficulties.

Second, the defendants argue that the contours of a § 1983 claim for malicious prosecution were not clearly defined in 2009. But this argument confuses the alleged constitutional violation with the underlying cause of action that provides a remedy for the violation. Section 1983 merely provides a cause of action; the substantive rights are created elsewhere. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see also Taylor v. Meacham*, 82 F.3d 1556, 1561 (10th Cir. 1996) ("[O]ur circuit takes the common law elements of malicious prosecution as the 'starting point' for the analysis of a § 1983 malicious prosecution claim, but always reaches the ultimate question . . . of whether the plaintiff has proven a *constitutional* violation." (emphasis in original)). As a result, the contours of a malicious-prosecution claim do not help resolve the material question in this appeal: whether the Constitution would clearly have prohibited the knowing or reckless use of a false confession in 2009. As discussed above, our precedents had clearly recognized this prohibition by 2009.

17

Third, the defendants argue that in 2009, it was not clearly established whether the underlying constitutional violation would involve the Fourth Amendment or the Fourteenth Amendment's right to procedural due process. For this argument, the defendants rely on *Mondragón v. Thompson*, 519 F.3d 1078 (10th Cir. 2008). In *Mondragón*, we held that if a defendant "has been imprisoned pursuant to legal but wrongful process, he has a claim under the procedural component of the Fourteenth Amendment's Due Process Clause analogous to a tort claim for malicious prosecution." *Mondragón*, 519 F.3d at 1082. In dictum we added that we did not "foreclose the additional, though unlikely, possibility" that such wrongful process could also give rise to a separate violation of the Fourth Amendment. *Id.* at 1083 n.4.

We reject the defendants' argument for two reasons.

First, we said in *Pierce v. Gilchrist*, which preceded *Mondragón*, that it was a Fourth Amendment violation to knowingly or recklessly use false information to initiate legal process when that process leads to an unreasonable seizure. *Pierce v. Gilchrist*, 359 F.3d 1279, 1298-99 (10th Cir. 2004).

Second, after our dictum in *Mondragón*, we held in *Wilkins v. DeReyes* that an arrestee can bring a malicious-prosecution claim when legal process is initiated and results in an unreasonable seizure under the Fourth Amendment. *Wilkins v. DeReyes*, 528 F.3d 790, 797 (10th Cir.

18

2008).[4] Thus, by 2009, our holding in *Wilkins* would have provided notice to the detectives and the investigator that their alleged conduct would violate the Fourth Amendment. *See Anderson v. Creighton*, 483 U.S. 635, 640 (1987) (holding that for a constitutional right to be clearly established, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right").

In these circumstances, we conclude that the defendants should have realized that the knowing or reckless use of a false confession to institute legal process would violate a clearly established constitutional right. The purported uncertainty did not involve the constitutionality of the conduct; instead, the purported uncertainty involved whether the violation would

- constitute malicious prosecution or false imprisonment and

- involve the Fourth Amendment or the Fourteenth Amendment's right to procedural due process.

---

[4]    The defendants characterize this conclusion in *Wilkins* as dictum rather than a holding. We respectfully disagree with this characterization. In *Wilkins*, the plaintiffs asserted a cause of action for malicious prosecution after the initiation of legal process. *Wilkins v. DeReyes*, 528 F.3d 790, 799 (10th Cir. 2008). In light of this characterization of the claim, we analyzed it as a malicious-prosecution claim under the Fourth Amendment. *Id.* at 797; *see also Myers v. Koopman*, 738 F.3d 1190, 1194-95 (10th Cir. 2013) (relying on *Wilkins* and holding that "[u]nreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims"). Thus, our recognition of a Fourth Amendment malicious-prosecution claim, after the initiation of legal process, was necessary to *Wilkins*'s disposition. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 67 (1996) (distinguishing holdings from dicta).

19

In our view, the defendants misread our precedents, which by 2009 had clearly recognized malicious-prosecution claims under the Fourth Amendment after the initiation of a legal process resulting in an unreasonable seizure.

* * *

The district court properly held that Mr. Sanchez had adequately alleged the violation of a clearly established constitutional right. As a result, we uphold the denial of the defendants' motion to dismiss on the basis of qualified immunity.

## IV.   We decline to assert pendent appellate jurisdiction on the issue involving the statute of limitations.

The defendants also argue that the malicious-prosecution claim is barred by the statute of limitations. We have discretion over whether to address this argument at the interlocutory stage. Exercising this discretion, we decline to decide whether the claim is time-barred.

The threshold issue is whether we can consider this issue. Although an interlocutory appeal is ordinarily available upon the denial of qualified immunity, an interlocutory appeal for the statute of limitations is ordinarily not appealable. *See Wilkins v. DeReyes*, 528 F.3d 790, 796 (10th Cir. 2008) ("A statute of limitations defense is ordinarily not appealable as part of an interlocutory qualified immunity appeal."). Therefore, we can decide whether Mr. Sanchez's claim is time-barred only if we first exercise

20

pendent appellate jurisdiction over that issue. *Moore v. City of Wynnewood*, 57 F.3d 924, 929 (10th Cir. 1995).

But the exercise of pendent appellate jurisdiction is both discretionary and "generally disfavored." *Id.* Using this discretion, we decline to decide the issue of timeliness.

Although we have rejected the defendants' arguments for qualified immunity, our analysis of that issue may not fully resolve the defendants' argument on the statute of limitations. *See id.* at 930 (holding that pendent appellate jurisdiction is appropriate only "when the appellate resolution of the [appealable issue] *necessarily* resolves the [otherwise non-appealable issue] as well" (emphasis in original)).

Because we decline to exercise pendent appellate jurisdiction over the defendants' argument on the statute of limitations, we dismiss this portion of the defendants' appeal based on a lack of appellate jurisdiction. *See Cox v. Glanz*, 800 F.3d 1231, 1257 (10th Cir. 2015).

## V.    Disposition

We affirm the district court's denial of the defendants' motion to dismiss on the basis of qualified immunity; and we dismiss the portion of the appeal relating to the statute of limitations, holding that we lack appellate jurisdiction.