**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

DOUGLAS A. GLASER,

     Plaintiff - Appellant,

v.

CITY AND COUNTY OF DENVER,
COLORADO; SECOND JUDICIAL
DISTRICT; MITCH MORRISSEY; JOE
MORALES; ANDY SHOPNECK;
DOUGLAS PRITCHARD; DENVER
POLICE OFFICER YOUNG,

     Defendants - Appellees.

No. 18-1049
(D.C. No. 1:16-CV-00233-RM-MLC)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **McKAY**, and **MORITZ**, Circuit Judges.
_____

Douglas A. Glaser, a pro se Colorado inmate, appeals the dismissal of his

action alleging claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named*

*Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). On initial screening the

district court dismissed most of the claims as frivolous under 28 U.S.C. § 1915A, and

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

later dismissed the remaining claims under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I

This litigation is an offshoot of a prosecution of Mr. Glaser for securities violations and later civil-rights litigation. *See Glaser v. City & Cty. of Denver*, 557 F. App'x 689, 694-96 (10th Cir. 2014) (unpublished). For purposes of this appeal, we assume as true the well-pleaded factual allegations in Mr. Glaser's amended complaint (the Complaint). *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). According to the Complaint, the prosecution on the securities violations was dismissed in February 2007, reinstated, and then dismissed once again in February 2008. After the second dismissal Mr. Glaser filed a federal lawsuit claiming constitutional violations by certain government officials. The Complaint alleges that those officials then began to follow and harass him. In particular, on April 19, 2008, he was stopped by federal agents, including Agent Douglas Pritchard of the Department of Homeland Security, on suspicion of driving under the influence (DUI). He alleges that the agents laughed at him and said, "We have him now, he will never get out of jail this time." R. at 40 (internal quotation marks omitted). Denver police officer Theodore Young arrived on scene and arrested Mr. Glaser without administering a blood-alcohol test or a breath test. Mr. Glaser posted bond and was released.

Two years later, on April 10, 2010, Agent Pritchard testified at Mr. Glaser's probable-cause hearing on the DUI charge. He said that he alone stopped Mr. Glaser

2

and that no other federal agents were present. He also said that Mr. Glaser was speeding, driving erratically, and not stopping at red lights. Based on this testimony, the court determined the arrest was supported by probable cause. But at Mr. Glaser's trial in county court in March 2012, Agent Pritchard changed his testimony and asserted that multiple agents from the Department of Homeland Security had surrounded and stopped Mr. Glaser's vehicle. Additionally, Officer Young testified that Mr. Glaser's eyes were "red and watery." R. at 46. Mr. Glaser was convicted and served 730 days in jail, but his conviction was reversed by the district court on appeal because the trial court abused its discretion in denying Mr. Glaser's challenge to a juror for cause. The case was remanded; but rather than retry Mr. Glaser, the prosecution dismissed the case on January 27, 2014.

On January 26, 2016, Mr. Glaser initiated this action. The Complaint asserted claims alleging 1) malicious prosecution; 2) "Retaliation-Vindictive Prosecution"; 3) slander, defamation of character, and harassment; 4) conspiracy to violate constitutional rights; and 5) "Supervisory Failure/Unconstitutional Law, Policy, or Custom." *Id.* at 46, 60. The district court screened the Complaint under 28 U.S.C. § 1915(A) and dismissed as legally frivolous all but the claims alleging malicious prosecution against Agent Pritchard and Officer Young. The court determined that it was obvious from the face of the Complaint that the rest of the claims were barred by the governing 2-year statute of limitations and that they were largely repetitive of claims that were previously dismissed as untimely in a prior action.

3

Agent Pritchard and Officer Young each later moved to dismiss the remaining claims under Fed. R. Civ. P. 12(b)(6). A magistrate judge recommended that the motions be granted, and, over Mr. Glaser's objections, the district court accepted the recommendation and dismissed the remaining claims. The court concluded that Mr. Glaser's allegations were more aptly construed as claims of false imprisonment, which were time-barred; that defendants were entitled to absolute immunity for their testimony; and that to the extent Mr. Glaser alleged malicious prosecution, he failed to state a claim. Mr. Glaser now challenges both the district court's initial order of dismissal under § 1915(A)(b) and its later order dismissing his claims against Agent Pritchard and Officer Young under Rule 12(b)(6).[1]

## II

We first address the initial dismissal order.[2] Mr. Glaser contends the district court erred in dismissing as time-barred all but the claims alleging malicious prosecution against Agent Pritchard and Officer Young. He asserts that the rest of his claims were previously raised and dismissed in an earlier lawsuit under *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus the statute of limitations ought to be tolled

---

[1] Although Mr. Glaser challenges the dismissal of all his claims against all defendants, only Agent Pritchard and Officer Young have filed briefs on appeal.

[2] "[T]his court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion." *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000); *see also Flute v. United States*, 723 F. App'x 604, 605 (10th Cir.) (unpublished) (same), *cert. dismissed*, 139 S. Ct. 188 (2018). The issue is inconsequential here because Mr. Glaser cannot prevail under either standard.

4

until January 27, 2014, when the prosecution dismissed the DUI charges. But even though *Heck* previously prevented consideration of the claims while Mr. Glaser's conviction was in force, *Heck* did not guarantee that once the court could consider the claims (after the conviction was set aside) the claims must be deemed timely. As it turns out, the claims accrued more than two years before Mr. Glaser's conviction, so they were barred by the statute of limitations even before *Heck* had any application.

Moreover, Mr. Glaser offers no rebuttal to the district court's equally dispositive conclusion that his claims are frivolous because they are repetitive of claims he brought in his earlier lawsuit. *See Childs v. Miller*, 713 F.3d 1262, 1265 (10th Cir. 2013) ("Repetitious litigation of virtually identical causes of action may be dismissed . . . as frivolous or malicious." (brackets and internal quotation marks omitted)); *see also Murrell v. Shalala*, 43 F.3d 1388, 1389-90 (10th Cir. 1994) (failure to challenge equally dispositive alternative ruling forecloses appellate relief). In fact, his argument implicitly, if not explicitly, concedes that these claims were repetitive. Under these circumstances, we affirm the district court's dismissal.

As for the surviving claims against Agent Pritchard and Officer Young, we review de novo the district court's dismissal under Rule 12(b)(6), affording Mr. Glaser's pro se materials a liberal construction. *See Childs*, 713 F.3d at 1264. Dismissal based on the statute of limitations is appropriate under Rule 12(b)(6) "when the dates given in the complaint make clear that the right sued upon has been

extinguished." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

The statute of limitations for a § 1983 action is set by state law, although federal law prescribes when the action accrued. *See Wallace v. Kato*, 549 U.S. 384, 387-88 (2007). We look to the forum state's statute of limitations for personal-injury claims. *See id.* at 387. In Colorado the relevant statute of limitations applicable to a § 1983 action is two years. *See Braxton v. Zavaras*, 614 F.3d 1156, 1160 (10th Cir. 2010). A § 1983 action "accrues when the facts that would support a cause of action are or should be apparent." *Fratus v. DeLand*, 49 F.3d 673, 675 (10th Cir. 1995) (internal quotation marks omitted).[3]

Here, the accrual of Mr. Glaser's claims turns on a proper interpretation of his allegations. He alleged that he was arrested on April 19, 2008, without probable cause. He averred that Agent Pritchard and Officer Young denied him a blood-alcohol or breath test, he experienced numerous hardships before trial, and he served 730 days in jail without any proof he was driving under the influence. He further alleged that Agent Pritchard offered perjured testimony, presumably at the April 2010 probable-cause hearing, and then changed his testimony at trial, and that both Agent Pritchard and Officer Young perjured themselves during the trial to obtain his conviction.

---

[3] Mr. Glaser's *Bivens* claim is subject to the same statute of limitations as his § 1983 claim. *See Young v. Davis*, 554 F.3d 1254, 1256 (10th Cir. 2009).

These allegations are properly construed as raising claims of both malicious prosecution *and* false imprisonment. "Our case law distinguishes between seizures based on whether they are imposed with or without legal process." *Sanchez v. Hartley*, 810 F.3d 750, 757 (10th Cir. 2016). "[S]eizures imposed pursuant to legal process generally trigger claims for malicious prosecution, while seizures imposed without legal process generally trigger claims for false imprisonment." *Id.* A warrantless arrest is a detention without legal process. *See Wallace*, 549 U.S. at 389. "A claim of false imprisonment accrues when the alleged false imprisonment ends," *Myers v. Koopman*, 738 F.3d 1190, 1194 (10th Cir. 2013), and "a false imprisonment ends once the victim becomes held pursuant to [legal] process," *Wallace*, 549 U.S. at 389 (emphasis omitted). But "when . . . [the arrestee] is bound over by a magistrate or arraigned on charges," he may have a new claim for malicious prosecution resulting from the "wrongful institution of legal process." *Id.* at 389-90 (emphasis omitted). "A claim of malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor." *Myers*, 738 F.3d at 1194.

Mr. Glaser disavows a false-imprisonment claim so he can take advantage of the later accrual date of a malicious-prosecution claim. But he does not disavow his allegations of illegal arrest and pretrial hardship before the institution of legal process, which assert claims of false imprisonment. Because a false-imprisonment claim accrues upon a judicial determination of probable cause, *see Young v. Davis*, 554 F.3d 1254, 1257 (10th Cir. 2009), Mr. Glaser's claims accrued no later than the time of his probable-cause hearing on April 10, 2010. Mr. Glaser did not initiate this

action until January 26, 2016, well after the 2-year statute of limitations had expired. He asserts no basis for tolling, and thus, to the extent he claimed false imprisonment, the claims were time-barred.

Of course, Mr. Glaser also alleged that after the institution of legal process, which was allegedly based on an illegal finding of probable cause, he was compelled to appear in court, forced to stand trial, wrongly convicted, and imprisoned for 730 days. These post-legal-process allegations are properly construed as claiming malicious prosecution. Mr. Glaser's Complaint alleged that the criminal DUI proceedings at issue here had been terminated on January 27, 2014, which, to the extent he alleged malicious prosecution, would mark the accrual date for his claims. *See Heck*, 512 U.S. at 489. Mr. Glaser initiated this action on January 26, 2016, so his malicious-prosecution claims were timely.

But there is a defect in those claims. Mr. Glaser alleged that his convictions on the DUI charges were vacated and the prosecution dismissed the case on January 27, 2014. The decision vacating the convictions indicates that they were reversed because the trial court abused its discretion in denying Mr. Glaser's challenge to a juror for cause. On remand the prosecution elected to dismiss the case rather than retry Mr. Glaser after he had already served his sentence.[4] Under these circumstances, Mr. Glaser cannot state a claim of malicious prosecution.

---

[4] We may consider both the state court's decision and evidence of the prosecution's dismissal, which are central to Mr. Glaser's claims, because he references them in his Complaint, *see* R. at 42, and does not dispute their authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002).

8

One element of a malicious-prosecution claim is that "the original action terminated in the plaintiff's favor." *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016). We have held that a prosecutor's abandonment of criminal "proceedings is ordinarily insufficient to constitute a favorable termination if the prosecution is abandoned pursuant to an agreement of compromise with the accused; because of misconduct on the part of the accused; or out of mercy requested or accepted by the accused." *Wilkins v. DeReyes*, 528 F.3d 790, 802-03 (10th Cir. 2008) (brackets, ellipses, and internal quotation marks omitted). "These reasons for withdrawal of a charge do not necessarily constitute favorable terminations because they do not indicate the innocence of the accused or are at least consistent with guilt." *Id.* at 803 (internal quotation marks omitted). Consequently, we "look to the stated reasons for the dismissal as well as to the circumstances surrounding it to determine if the dismissal indicates the accused's innocence." *Margheim v. Buljko*, 855 F.3d 1077, 1086 (10th Cir. 2017) (internal quotation marks omitted).

Mr. Glaser insists his DUI proceedings terminated in his favor because his convictions were overturned and none of the foregoing reasons caused the prosecution to dismiss his case. That may be, but he offers nothing to suggest that the dismissal of the charges on remand was indicative of his innocence. Rather, the record reflects that the DUI proceedings were dismissed on grounds unrelated to the merits of the case. *See Cordova*, 816 F.3d at 651 (dismissal for speedy-trial violation was "on technical, procedural grounds which had nothing to do with the merits of case" and was not indicative of innocence). The prosecutor simply elected not to

9

retry the case after Mr. Glaser had already served his entire sentence. This in no way indicates that Mr. Glaser was innocent. Accordingly, he failed to state a claim for malicious prosecution, and the district court correctly dismissed his claims under Rule 12(b)(6).[5]

III

The judgment of the district court is affirmed. Mr. Glaser's motion to proceed on appeal *in forma pauperis* is granted. The relevant statute, 28 U.S.C. § 1915(a)(1), does not permit litigants to avoid payment of filing and docketing fees, only *prepayment* of those fees. Though we have disposed of this matter on the merits, Mr. Glaser remains obligated to pay all filing and docketing fees, and he must continue making partial payments until the entire fee is paid in full.

Entered for the Court


Harris L Hartz
Circuit Judge

---

[5] In light of this conclusion, we need not consider the district court's alternate rulings concerning absolute immunity.

10