FILED
United States Court of Appeals
Tenth Circuit

**January 8, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEREMY C. MYERS,

      Plaintiff - Appellant/Cross -
      Appellee,

v.

BRIAN KOOPMAN, Detective in the
Loveland, Colorado Police Department, in
his individual capacity,

      Defendant - Appellee/Cross-
      Appellant.

Nos. 12-1482 & 12-1487
(D.C. No. 1:09-CV-02802-REB-MEH)

_____

**ORDER**
_____

Before **BRISCOE**, Chief Judge, **O'BRIEN**, and **PHILLIPS**, Circuit Judges.
_____

These matters are before the court on the appellee's Petition for Panel Rehearing.

Upon consideration, the rehearing request is denied. We will, however, *sua sponte* amend

the decision issued originally on December 20, 2013 to remove the last sentence of

footnote 6 on page 10. The amended version of our decision is attached to this order. The

clerk is directed to reissue the opinion *nunc pro tunc* to the original filing date.

      Entered for the Court

      ELISABETH A. SHUMAKER, Clerk

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 20, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JEREMY C. MYERS,

      Plaintiff – Appellant/ Cross-
      Appellee,

v.

BRIAN KOOPMAN, Detective in the
Loveland, Colorado Police Department, in
his individual capacity,

      Defendant – Appellee/ Cross-
      Appellant.

Nos. 12-1482, 12-1487

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:09-CV-02802-REB-MEH)**

_____

Joseph Paul Fonfara of Fonfara Law Offices, Fort Collins, Colorado, (Randall Meyers of
Law Office of Randall R. Meyers, Fort Collins, Colorado, with him on the briefs) for
Plaintiff – Appellant/Cross-Appellee.

Kent N. Campbell of Wick & Trautwein, LLC, Fort Collins, Colorado, for Defendant –
Appellee/Cross-Appellant.

_____

Before **BRISCOE**, Chief Judge, **O'BRIEN** and **PHILLIPS**, Circuit Judges.

_____

**PHILLIPS**, Circuit Judge.

_____

Jeremy Myers challenges the district court's dismissal of his § 1983 malicious-prosecution claim alleging violations of his Fourth and Fourteenth Amendment rights. In his complaint, he asserted that Detective Brian Koopman obtained an arrest warrant by fabricating facts to create the illusion of probable cause. As a result, Myers spent three days in custody.

Exercising jurisdiction under 28 U.S.C. § 1291, we conclude that the district court rightly dismissed Myers' Fourteenth Amendment claim because an adequate state remedy existed, but we conclude that the district court improperly dismissed Myers' Fourth Amendment malicious prosecution claim as untimely after recasting it as a claim for false imprisonment. In fact, Myers correctly styled his Fourth Amendment claim as one for malicious prosecution because he was seized after the institution of legal process. The malicious prosecution claim is timely. Accordingly, we reverse the dismissal of that claim.

## BACKGROUND

Because the district court entered judgment on the pleadings for Koopman, we accept Myers' allegations as true. *See Estes v. Wyo. Dep't of Transp.*, 302 F.3d 1200, 1203 (10th Cir. 2002). Treated as true, Myers' allegations paint a compelling picture of overzealous police work: Detective Koopman falsified an affidavit to obtain a search warrant for Myers' property. Acting under authority of the warrant, law enforcement officers searched his property and a nearby sugar-beet laboratory. Investigators discovered a jar containing a white substance. Field tests incorrectly identified the

2

substance as methamphetamine. The police hailed the seizure as "a lot of dope," and the media portrayed Myers as a meth manufacturer. App. vol. 1, at 56–57, 64.

According to Myers' allegations, Koopman then fabricated facts in an affidavit to obtain an arrest warrant. A judicial officer granted the warrant, and Myers surrendered on Friday, September 7, 2007, intending to post bond under an agreement between his attorney and Koopman. Myers claims that when he arrived at the police station, Koopman told the officer on duty to detain Myers because Koopman intended to file additional charges. Myers remained in custody until he bonded out on Monday, September 10.

The district attorney then filed criminal charges, and Myers appeared for all hearings. Ultimately, further testing of the samples recovered from the raid revealed that they were not controlled substances. On November 15, 2007, the district attorney dropped all charges.

Myers filed his complaint on November 5, 2009.[1] In 2012, the district court granted Koopman's motion for judgment on the pleadings, dismissing Myers' Fourteenth Amendment claim because an adequate state remedy existed, and further dismissing his Fourth Amendment claim as untimely. Myers now appeals those rulings. Koopman cross-appeals, arguing that he is entitled to qualified and absolute immunity.

## DISCUSSION

---

[1] Myers originally filed in state court. Koopman removed the case to federal court on December 1, 2009.

We review the district court's decision to enter judgment on the pleadings for Koopman under the same standard applicable to a Rule 12(b)(6) motion to dismiss. *See Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004). Under that standard, we apply de novo review and will uphold the dismissal only if Myers' allegations fail to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## I.  The Fourteenth Amendment Claim

The district court rightly rejected Myers' Fourteenth Amendment malicious-prosecution claim under 42 U.S.C. § 1983 because Colorado law provides an adequate remedy. The Fourteenth Amendment protects individuals against deprivations of liberty without due process of law. U.S. Const. amend. XIV, § 1. If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements. *Becker v. Kroll*, 494 F.3d 904, 921 (10th Cir. 2007) (citing *Parratt v. Taylor*, 451 U.S. 527, 535–44, (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)).

Here, Myers alleges that Koopman conjured up facts to create the illusion of probable cause for an arrest warrant and subsequent prosecution. Such lawlessness could not have been anticipated or prevented pre-deprivation, but a post-deprivation malicious-prosecution claim serves as an effective antidote. Colorado law provides that remedy. *See, e.g.*, *Hewitt v. Rice*, 154 P.3d 408, 411 (Colo. 2007) (outlining the elements of a

4

malicious-prosecution claim under Colorado law). The existence of the state remedy flattens the Fourteenth Amendment peg on which Myers now tries to hang his § 1983 malicious-prosecution claim.

Myers pitches two replies: First, he argues that his Fourteenth Amendment claim is cognizable, despite the state remedy, because the claim *also* rests on a violation of the Fourth Amendment. For this position he offers no affirmative argument—legal or logical. Instead, Myers tries to distinguish *Becker v. Kroll*, on which the district court relied. But *Becker* itself relied on Supreme Court precedent, which has clearly held that post-deprivation state tort remedies satisfy due process requirements. *See* 494 F.3d at 921 (citing *Parratt*, 451 U.S. at 544). Myers offers no authority suggesting that the existence of an underlying Fourth Amendment violation alters the analysis. Second, Myers contends that in his case the state tort remedy is inadequate because it is now time-barred. We reject that argument as well. The Fourteenth Amendment guarantees the provision of an adequate remedy, but that remedy need not run in perpetuity. Myers *had* an adequate remedy. He let it wither. Due process has been duly satisfied.

## II.    The Fourth Amendment Claim

The district court wrongly dismissed as untimely Myers' Fourth Amendment claim under § 1983. Section 1983 creates a "species of tort liability" that provides relief to persons deprived of rights secured to them by the Constitution. *Carey v. Piphus*, 435 U.S. 247, 253 (1978) (quotations omitted). The first step "is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Courts then look to common-law torts as analogies to determine the contours—including

the accrual date—of § 1983 claims. *See Pierce v. Gilchrist*, 359 F.3d 1279, 1286 (10th

Cir. 2004). Here, the district court fixed false imprisonment as the proper analogy for

Myers' § 1983 claim—even though his complaint asserted malicious prosecution. In fact,

Myers correctly styled his claim as one for malicious prosecution because he was seized

after the institution of legal process.

The applicable statute of limitations is two years for both false imprisonment and

malicious prosecution,[2] but the two claims do not accrue simultaneously. A claim of false

imprisonment accrues when the alleged false imprisonment ends. *Wallace v. Kato*, 549

U.S. 384, 389 (2007). A claim of malicious prosecution does not accrue until the criminal

proceedings have terminated in the plaintiff's favor. *See Heck v. Humphrey*, 512 U.S.

477, 489 (1994); *Robinson v. Maruffi*, 895 F.2d 649, 654–55 (10th Cir. 1990). Myers

filed his complaint on November 5, 2009—within two years of the malicious prosecution

accrual date, but not within two years of the false imprisonment accrual date.

What separates the two claims?—the institution of legal process. Unreasonable

seizures imposed without legal process precipitate Fourth Amendment false

imprisonment claims. *See Wallace*, 549 U.S. at 389 (concluding that false imprisonment

was the proper analogy where defendants did not have a warrant for the plaintiff's arrest

and thus detention occurred without legal process). Unreasonable seizures imposed with

---

[2] Claims under § 1983 are governed by the forum state's statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). The forum state in this case, Colorado, provides a two-year statute of limitations for personal injury claims. Colo. Rev. Stat. § 13-80-102(1)(a). Federal law determines the date on which the claim accrues and, therefore, when the limitations period starts to run. *Wallace*, 549 U.S. at 388.

legal process precipitate Fourth Amendment malicious-prosecution claims.[3] *See Heck*, 512 U.S. at 484 (where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy"). Like rain and snow, the claims emanate from the same source, but under different conditions.

In *Wilkins v. DeReyes*, we employed the legal-process distinction. 528 F.3d 790 (10th Cir. 2008). DeReyes allegedly obtained an arrest warrant for Wilkins based on fabricated evidence gathered by using coercive interrogation techniques. *Id.* at 793–94. This Court said that where detention occurs after the institution of legal process, a plaintiff can claim that the legal process itself was wrongful, and thereby state a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action." *Id.* at 799.[4]

Here, the district court did not consider whether Myers had been imprisoned before or after the institution of legal process. Instead, apparently overlooking *Wilkins*, it simply assumed that because Myers premised the claim on a violation of the Fourth

---

[3] Unreasonable seizures that occur after the institution of legal process can also form the basis for Fourteenth Amendment malicious-prosecution claims where an adequate state remedy does not exist. *See Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008).

[4] *See also Nieves v. McSweeney*, 241 F.3d 46, 54 (1st Cir. 2001) (concluding that a § 1983 Fourth Amendment claim involving an arrest pursuant to a warrant is akin to a claim for malicious prosecution based upon the common-law distinctions between the torts of false imprisonment and malicious prosecution); *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 117 (2d Cir. 1995) (same); *Whiting v. Traylor*, 85 F.3d 581, 583–86 & n.8 (11th Cir. 1996) (distinguishing malicious prosecution and false arrest based on whether detention occurred before or after the institution of legal process).

Amendment it was "in the nature of false imprisonment" and accrued on the date of his release. App. vol. 1, at 32–33.

In fact, here, as in *Wilkins*, detention occurred after the institution of legal process. Myers was arrested pursuant to a validly issued—if not validly supported—arrest warrant. "[T]he issuance of an arrest warrant represents a classic example of the institution of legal process."[5] *Wilkins*, 528 F.3d at 799. Myers' suit, then, challenges the probable-cause determination that generated the legal process. As we said in *Wilkins*, "This link supplies the necessary connection between the malicious prosecution cause of action and Plaintiffs' Fourth Amendment allegations." *Id.*

Koopman attempts to repurpose *Wilkins*. He contends that even if this is a malicious-prosecution claim, it accrued upon the institution of legal process. To do so, he plucks one statement from *Wilkins*: "[D]etention was thus preceded by the institution of legal process, triggering the malicious prosecution cause of action." *Id.* Read in context, however, it is clear the institution of legal process "triggers" a malicious-prosecution claim only in the sense that a claim before (or without) the institution of legal process would be for false imprisonment. *Id.* at 798–99. Koopman's reading would set this Court against the "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action." *Wallace*, 549 U.S. at 388 (alteration in original) (quotations omitted). A malicious-prosecution claim is not cognizable until all the elements are

---

[5] *See* Restatement (Second) of Torts § 654 cmt. c (1977) ("Criminal proceedings are usually instituted by the issuance of some form of process, generally a warrant for arrest, the purpose of which is to bring the accused before a magistrate in order for him to determine whether the accused shall be bound over for further action by a grand jury or for trial by a court.").

satisfied, and one of the elements is that the original action terminated in favor of the plaintiff. *Wilkins*, 528 F.3d at 799. As such, this Court has held that a malicious-prosecution claim does not accrue until proceedings terminate in the plaintiff's favor. *Mondragon,* 519 F.3d at 1083.

The district court adopted the wrong analogy because it overlooked a pivotal detail—Myers' detention occurred after the institution of legal process. In fact, Myers properly stated a Fourth Amendment claim for malicious prosecution, which accrued on November 15, 2007, when the proceedings resolved in his favor. He timely filed his complaint within two years on November 5, 2009.

## CONCLUSION

For the reasons discussed above, we affirm the district court's dismissal of Myers' Fourteenth Amendment claim and reverse the district court's dismissal of Myers' Fourth Amendment claim. Accordingly, the judgment of the district court is reversed, in part, and the case is remanded for further proceedings consistent with this opinion. Koopman's arguments regarding absolute and qualified immunity should be addressed in the first instance by the district court.[6]

> Case number 12-1482 is AFFIRMED in part, REVERSED in part, and REMANDED.

> Case number 12-1487, the cross-appeal, is DISMISSED for lack of jurisdiction.

---

[6] This Court does not have jurisdiction over Koopman's cross-appeal because he prevailed fully below and the district court's judgment did not leave open the possibility of future litigation. *See Deposit Guar. Nat. Bank v. Roper*, 445 U.S. 326, 333 (1980). Thus, we grant Myers' motion to dismiss Koopman's cross-appeal.

9