FILED
United States Court of Appeals
Tenth Circuit

September 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN K. SHUE,

            Plaintiff-Appellant,

v.

ROBERT LAMPERT; STEVE
HARGETT; CARL VOIGTSBERGER,

            Defendants-Appellees.

No. 14-8042
(D.C. No. 2:14-CV-00015-SWS)
(D. Wyoming)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

Mr. Marvin Shue is a state prisoner housed in a medium-security facility.

Hoping to obtain a transfer to a minimum security facility (the Wyoming Honor

Conservation Camp), Mr. Shue was disappointed when prison officials refused to

approve the transfer. Mr. Shue blamed his prison warden and two directors of the

---

[*]     We are deciding this appeal based on the briefs. The parties do not request oral argument, and we do not believe it would be helpful. *See* Fed. R. App. P. 34(a)(2)(C).

    This order and judgment does not constitute precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. R. 32.1(A).

Wyoming Department of Corrections, suing them in their individual and official capacities.

The three defendants moved to dismiss based on Eleventh Amendment immunity and failure to state a valid claim. The district court did not discuss the Eleventh Amendment, but dismissed the action for failure to state a valid claim. We affirm dismissal of the individual-capacity claims, but vacate and remand with instructions to dismiss the official-capacity claims without prejudice.

## I. Official-Capacity Claims: Eleventh Amendment Immunity

The Eleventh Amendment precludes official-capacity suits for damages against state officials. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1196 (10th Cir. 1998). Though the defendants urged dismissal based on the Eleventh Amendment, this issue went unaddressed in the district court's order. The omission constituted error, for a court must consider the Eleventh Amendment when it is raised by a party. *See United States ex rel. Burlbaw v. Orenduff*, 548 F.3d 931, 942 (10th Cir. 2008). We conclude that the Eleventh Amendment required dismissal without prejudice of the claims against the three state officials in their official capacities.

Mr. Shue argues that the Eleventh Amendment does not affect the individual-capacity claims. He is correct. *See Reames v. Okla. ex rel. Okla. Health Care Auth.*, 411 F.3d 1164, 1168 (10th Cir. 2005) ("The Eleventh Amendment does not prevent plaintiffs from bringing suits against state officials

2

. . . in their individual and personal capacities."). Thus, the individual-capacity claims survive the Eleventh Amendment challenge.[1]

Because the official-capacity claims are subject to the Eleventh Amendment, we must decide the appropriate remedy. The remedy selected was dismissal, but the district court did not say whether the dismissal was with or without prejudice. Because the district court did not specify otherwise, the dismissal is considered "with prejudice." *See Davis v. Miller*, 571 F.3d 1058, 1061 (10th Cir. 2009).

That constituted error. Because the Eleventh Amendment involves sovereign immunity, the official-capacity claims should have been dismissed "without prejudice" rather than "with prejudice." *See Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety*, 722 F.3d 1209, 1212 (10th Cir. 2013) ("[I]mplicit in enactment of the Eleventh Amendment is that state sovereign immunity ordinarily bars federal-court jurisdiction over private suits against a state by citizens of the state."); *Rural Water Sewer & Solid Waste Mgmt., Dist. No. 1, Logan Cnty., Okla. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on sovereign immunity grounds . . . must be without prejudice."). Thus, we must vacate

---

[1]    Mr. Shue also argues that the Eleventh Amendment does not apply to claims for declaratory or injunctive relief. But, Mr. Shue has no claims for a declaratory judgment or an injunction.

dismissal of the official-capacity claims and direct the district court to dismiss these claims without prejudice.

## II. Individual-Capacity Claims: Failure to State a Valid Claim

Application of the Eleventh Amendment would leave the individual-capacity claims. These claims were correctly dismissed for failure to state a valid claim.

Our review is de novo. *See Cressman v. Thompson*, 719 F.3d 1139, 1144 (10th Cir. 2013). In applying de novo review, we consider only if the allegations fail to state a claim that is facially plausible. *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *cert. denied*, __ U.S. __, 134 S. Ct. 2842 (2014).

In the complaint, Mr. Shue alleged deprivation of due process and cruel and unusual punishment. These claims are facially implausible and were correctly dismissed.

After filing the complaint, Mr. Shue filed memoranda suggesting a claim for retaliation. The defendants treated these memoranda as a separate claim of retaliation and argued that it was deficient as a matter of law. The district court agreed with the defendants, as do we.

### A. Denial of Due Process

Mr. Shue claims that the three officials caused a denial of due process by refusing to approve a transfer to the honor camp. But, Mr. Shue was entitled to due process only if the conduct affected a constitutionally protected "liberty" or

4

"property" interest. *See Elliott v. Martinez*, 675 F.3d 1241, 1242 (10th Cir. 2012). Mr. Shue lacked a liberty or property interest in the place of his confinement; thus, he was not entitled to due process and the district court correctly dismissed the claim. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (stating that the Fourteenth Amendment's Due Process Clause does not protect a convicted prisoner from an intra-state transfer); *see also Olim v. Wakinekona*, 461 U.S. 238, 248 (1983) (concluding that an inter-state prison transfer, in itself, does not deprive an inmate of a liberty interest).

**B.    Cruel and Unusual Punishment**

Mr. Shue also claims cruel and unusual punishment. The conditions of confinement might be so poor that they constitute cruel and unusual punishment. *See, e.g.*, *DeSpain v. Uphoff*, 264 F.3d 965, 972 (10th Cir. 2001). But, the complaint does not contain any allegations about the conditions at his current prison. Without any such allegations, the district court properly dismissed the claim involving cruel and unusual punishment.

**C.    Retaliation**

The complaint contains no mention of retaliation. After filing the complaint, however, Mr. Shue filed three motions, seeking an opportunity to present evidence of retaliation. Mot. to Enter Evid. (Jan. 27, 2014) (Doc. 9); Mot. to Enter New Evid. to the Pl.'s Do [sic] Process Conplaint [sic] (Feb. 18, 2014) (Doc. 14); Mot. to Enter New Evid. to the Pl.'s Do [sic] Process Conplaint [sic]

5

(Feb. 21, 2014) (Doc. 15).  The defendants and the district court entertained these motions as a separate claim involving retaliation.  Construing the motions as a separate claim, the defendants and district court stated that the claim was insufficient based on the absence of any allegations tying the conduct to a retaliatory motive.   We agree.

"Mere allegations of constitutional retaliation will not suffice; plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights."  *Frazier v. Dubois*, 922 F.2d 560, 562 n.1 (10th Cir. 1990).  In the three motions, Mr. Shue does not state any facts that would support a retaliatory motive.  Instead, in these motions, Mr. Shue stated only that:

- one of the defendants was retaliating[2] and

- there was retaliation for a prior suit against the Wyoming Department of Corrections.[3]

The district court correctly concluded that these allegations were insufficient for a retaliation claim:  In the three motions, Mr. Shue did not identify any specific facts indicating retaliation for the exercise of a constitutional right.  *See Khalik v. United Air Lines*, 671 F.3d 1188, 1193-94 (10th Cir. 2012).

---

[2]    Mot. to Enter Evid. 1 (Jan. 27, 2014) (Doc. 9); Mot. to Enter New Evid. to the Pl.'s Do [sic] Process Conplaint [sic] 2 (Feb. 18, 2014) (Doc. 14).

[3]    Mot. to Enter New Evid. to the Pl.'s Do [sic] Process Conplaint [sic] 4 (Feb. 21, 2014) (Doc. 15).

**III.  Disposition**

We affirm the dismissal of the individual-capacity claims.  But on the official-capacity claims, we vacate the dismissal and remand with instructions to order dismissal without prejudice.

Entered for the Court


Robert E. Bacharach
Circuit Judge