**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

LONNIE FARRIS,

     Plaintiff - Appellant,

v.

GARDEN CITY, KANSAS,

     Defendant - Appellee.

No. 15-3160
(D.C. No. 6:15-CV-01078-MLB-KMH)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HARTZ** and **MORITZ**, Circuit Judges.
_____

Lonnie Farris appeals the district court's dismissal of his complaint for failure

to state a claim. Discerning no reversible error, we affirm.

Representing himself, Farris initially sued the city of Garden City for violating

the Americans with Disabilities Act. Farris then amended his complaint to allege

conspiracy and violation of 18 U.S.C. § 2385, a federal criminal statute. The district

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value. _See_ Fed. R. App. P. 32.1;
10th Cir. R. 32.1.

court dismissed the complaint under Fed. R. Civ. P. 12(c) for failure to state a claim. Farris appeals.[1]

We review a district court's Rule 12(c) dismissal de novo, using the same standard that applies to dismissal under Rule 12(b)(6). *Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013). Because Farris proceeds pro se, we liberally construe his brief and apply a more forgiving standard than the one we apply to attorney-drafted filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But a pro se party must follow the same procedural rules that govern other litigants. And we won't act as Farris' advocate by formulating arguments or scouring the record on his behalf. *See id.*

Here, the district court dismissed Farris' ADA claim because it concluded his complaint failed to sufficiently allege that Farris is a qualified individual with a disability or that he suffered intentional discrimination by reason of his alleged

---

[1] Preliminarily, we address two pending motions. First, Farris seeks relief under Fed. R. App. P. 4(a)(4)(A)(vi), which extends the time to file an appeal if a party timely files a Fed. R. Civ. P. 60 motion in district court. We deny the motion as moot because Farris timely filed his notice of appeal and he needs no extension of time. To the extent this filing can be construed as a motion to reconsider under Fed. R. Civ. P. 60, we deny the motion because the district court—not this court—is the proper forum for such a motion. *Fobian v. Storage Tech. Corp.*, 164 F.3d 887, 889 (4th Cir. 1999).

Second, Farris filed a "Motion for Exemptions From 10th Cir. R. 30.1(D)(5) page limit for volumes and 10th Cir. R. 32(a) Font sizes in Briefs." To the extent Farris seeks permission to file an appendix in this appeal, we deny his request. *See* 10th Cir. R. 30.1 ("In pro se appeals, the district court clerk prepares a pro se record."); 10th Cir. R. 30.2(B) ("No other appendix may be filed except by order of the court."). But we grant Farris' request for an exemption from 10th Cir. R. 32(a).

disability. As for the conspiracy claim, the district court concluded Farris failed to sufficiently identify either the individuals involved in the alleged conspiracy or the agreement they allegedly entered into. Finally, the district court dismissed Farris' 18 U.S.C. § 2385 claim, concluding § 2385 is a criminal statute that doesn't provide for a private cause of action.

In his opening brief,[2] Farris doesn't specifically attack any of the district court's conclusions. Instead, he generally alleges the district court erred by ignoring certain supporting documents in reaching those conclusions. But the district court explicitly acknowledged Farris' supporting documents before dismissing his claims. And even assuming the district court failed to fully evaluate those documents, Farris doesn't explain how that alleged error impacted the district court's ultimate decision. Thus, we won't reverse on this basis. *See* 28 U.S.C. § 2111 (requiring court to disregard "errors or defects which do not affect the substantial rights of the parties"); *Shinseki v. Sanders*, 556 U.S. 396, 410 (2009) (explaining that "party seeking reversal normally must explain why the erroneous ruling caused harm").

While Farris' opening brief purports to advance several additional arguments, none of them attack the bases for the district court's order of dismissal. Such generalized assertions of error are insufficient to "place [the district court's] rulings

---

[2] To the extent we construe points that Farris makes for the first time in his reply brief as challenges to the district court's ruling, these arguments come too late. We therefore decline to consider them. *See Reedy v. Werholtz*, 660 F.3d 1270, 1274 (10th Cir. 2011).

at issue" on appeal. *See United States v. Apperson*, 441 F.3d 1162, 1195 (10th Cir. 2006) (declining to consider arguments because appellant failed to provide "detailed explanation of how the district court erred"). Accordingly, we decline to address those arguments.

We affirm the district court's order of dismissal.

Entered for the Court


Nancy L. Moritz
Circuit Judge