**Shawnnon HALE, Plaintiff,**

v.

**Eric DUVALL, in his individual capacity, and Brian Pirot, in his individual capacity, Defendants.**

**Civil Case No. 16–cv–02962–LTB**

United States District Court,
D. Colorado.

Signed 07/27/2017

Eudoxie Dickey, David Arthur Lane, Killmer, Lane & Newman, LLP, Denver, CO, for Plaintiff.

David Charles Cooperstein, Hollie Renee Birkholz, Denver, CO, for Defendants.

## MEMORANDUM OPINION AND ORDER

Babcock, J.

This matter is before me on a Motion to Dismiss filed by Defendants Eric Duvall and Brian Pirot, who are being sued in their individual capacities pursuant to 42 U.S.C. § 1983 by Plaintiff Shawnnon Hale. [Doc # 10] Defendants seek to have Plaintiff's claim against them, for Unlawful Sei-

zure/False Arrest in violation of the Fourth Amendment, dismissed pursuant to Fed. R. Civ. P. 12(b)(6) based on the defense of qualified immunity.

Plaintiff alleges that his right to be free from unreasonable seizure was violated when he was unlawfully arrested and detained on an arrest warrant supported by a lab report in which Defendants inaccurately reported DNA evidence implicating Plaintiff in a sexual assault. Under these circumstances, Colorado law dictates that the common-law tort analogy of a malicious prosecution claim is applicable to provide the contours of Plaintiff's § 1983 claim. And, because Plaintiff alleges only that Defendants acted with reckless disregard or gross negligence—and admittedly does not allege any intentional acts or malice—his complaint does not state a claim upon which relief can be granted in that he cannot establish that Defendants violated his constitutional Fourth Amendment right against illegal seizure. Therefore, after consideration of the parties' arguments, and for the reasons stated more fully below, I GRANT the motion and I DISMISS this case.

## I. BACKGROUND

On July 5, 2014, a woman reported to the Denver Police Department (DPD) that she had been the victim of a rape and burglary. As part of the investigation, a DNA rape kit was administered. The DPD also gathered numerous other items from a rooftop party Plaintiff attended the evening of the crime, including cigarette butts, all of which were tested for DNA.

Defendants are DPD crime lab investigators. The DPD Crime Lab completed a report advising that male DNA was detected on the vaginal swabs, labia swabs, and lips/chin swabs taken from the victim. The lab report—which was authored by Defendant Duvall and reviewed by Defendant Pirot—indicated that the interpreted male DNA from the exam performed on the victim matched DNA that belonged to Plaintiff. Based on the DPD Crime Lab report, an arrest warrant was issued for Plaintiff for the crime of sexual assault.

Plaintiff was subsequently arrested and questioned by the DPD. Plaintiff admitted that he was at a party on the rooftop of the victim's apartment on the night of the crime, but he denied any sexual contact with the victim. The District Attorney's Office filed charges and, at a preliminary hearing, the Court found probable cause existed for Plaintiff's arrest and bound the case over for trial. Plaintiff alleges that approximately two days after the preliminary hearing, it was revealed that Defendants had mislabeled Plaintiff's DNA evidence and it was learned that Plaintiff's DNA matched DNA found on a cigarette at the scene, but it did not match the DNA found inside the victim. It is undisputed that the lab report was inaccurate in that the DNA collected from the victim was not a match for Plaintiff's DNA. As a result, the Denver District Attorney's office moved to dismiss the case against Plaintiff, which was granted.

Plaintiff contends that Defendants acted with reckless disregard or with gross negligence when asserting false statements in the DPD lab report resulting in his false arrest/unlawful seizure and two months of unjustified pretrial incarceration in violation of Plaintiff's federally protected rights under the Fourth Amendment. As a result, Plaintiff filed this lawsuit claiming damages pursuant to 42 U.S.C. § 1983. [Doc # 1]

## II. RULE 12(b)(6)/QUALIFIED IMMUNITY STANDARD

█ In this motion, Defendants seek dismissal of Plaintiff's § 1983 claim against them for failure to state a claim upon

which relief can be granted based on the defense of qualified immunity. The doctrine of qualified immunity protects government officials from liability for, civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Pearson v. Callahan*, 555 U.S. 223, 231, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)(*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

The Fed. R. Civ. P. 12(b)(6) standard to survive a motion to dismiss requires that a plaintiff's pleadings must "nudge[ ] their claims across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). The Supreme Court applied this standard to a motion to dismiss based on qualified immunity, and formulated the test as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted' unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citations omitted). In reviewing a motion to dismiss, "all well-pleaded factual allegations in the ... complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Brown v. Monto-*

*ya*, 662 F.3d 1152, 1162–63 (10th Cir. 2011)(*quoting Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)). Therefore, where a qualified immunity defense is implicated, the plaintiff. "must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights ...". *Robbins v. Oklahoma ex rel. Dep't of Human Servs.*, 519 F.3d 1242, 1249 (10th Cir. 2008)(citations omitted).

## III. ANALYSIS

■ 42 U.S.C. § 1983 provides that "[e]very person who, under color of any statute ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." Section 1983 creates a "species of tort liability" that provides relief to persons deprived of rights secured to them by the Constitution. *Carey v. Piphus*, 435 U.S. 247, 253, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978)(quotations omitted).

■ In suits brought against officials in their individual capacities, officials may raise the defense of qualified immunity. *Kentucky v. Graham*, 473 U.S. 159, 166–67, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a "strict two-part test. " *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010)(*quoting Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009)). The first prong of the test requires the plaintiff to establish that the defendant violated a constitutional or statutory right. *Id.* The initial step in establishing a constitutional or statutory right violation "is to identify the specific constitutional right allegedly infringed." *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). "Courts then look to common-law torts as

analogies to determine the contours ... of § 1983 claims" in determining whether the plaintiff has established the defendant violated a constitutional right. *Pierce v. Gilchrist,* 359 F.3d 1279, 1286 (10th Cir. 2004).

In this case, Plaintiff claims that his Fourth Amendment right to be free of unreasonable seizure was violated in that it protects the right of individuals to be free from improper arrest and detention. *Buck v. City of Albuquerque,* 549 F.3d 1269, 1281 (10th Cir. 2008); U.S. CONST. Amend. IV ("The right of people to be secure in their persons ... against unreasonable seizures ... shall not be violated.") Plaintiff claims that Defendants' false statements caused him to be falsely arrested and unjustifiable incarcerated. [Doc # 1]

Defendants argue that Plaintiff's claim that his right to be free from unreasonable seizure was violated is not cognizable under the circumstances of this case. Specifically, they argues that while Tenth Circuit law allows for Fourth Amendment violations after a finding of probable cause—also known as following the initiation of "legal process"—such claims must be brought and analyzed as malicious prosecution claims. And, because Plaintiff specifically concedes that he is not bringing a malicious prosecution claim against them, Defendants argue that he cannot meet his burden to show a constitutional violation.

■ In support of this argument, Defendants refer me to *Myers v. Koopman,* 738 F.3d 1190, 1193 (10th Cir. 2013), *as amended on denial of reh'g* (Jan. 8, 2014). In that case the defendant, a Detective with the Loveland Police Department, submitted an affidavit to obtain an arrest warrant that contained fabricated facts. The Court issued a warrant based on the falsified affidavit, and the plaintiff was arrested. The plaintiff subsequently brought a

§ 1983 claim for violation of his right to be free from unreasonable seizure based on the Fourth Amendment. The Court recognized that the violation alleged—an unlawful arrest and detention after legal process via the issuance of an arrest warrant—was based on the common-law tort analogy of either false imprisonment or malicious prosecution. The Court ruled that malicious prosecution was the proper tort claim analogy because the unreasonable seizure was made after the institution of legal process. *Myers v. Koopman, supra,* 738 F.3d at 1194 (ruling that "[u]nreasonable seizures imposed with legal process precipitate Fourth Amendment malicious prosecution claims")(*citing Heck v. Humphrey,* 512 U.S. 477, 484, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)(where detention occurs with legal process the "common-law cause of action for malicious prosecution provides the closest analogy.")) *See also Wilkins v. DeReyes,* 528 F.3d 790, 799 (10th Cir. 2008)(ruling that where detention occurs after legal process, a plaintiff can challenge whether the legal process itself was wrongful and state a "Fourth Amendment violation sufficient to support a § 1983 malicious prosecution cause of action"). In contrast, "a claim before (or without) the institution of legal process would be for false imprisonment." *Myers v. Koopman, supra,* 738 F.3d at 1195.

In his response to the motion, Plaintiff is clear that he is not bringing a claim for malicious prosecution—in that he does not assert a state law claim or that Defendants acted intentionally or with malice—but rather he is alleging a "Fourth Amendment arrest/unlawful seizure or detention claim" based on Defendants' reckless or grossly negligent actions. [Doc # 15 pg. 6] In arguing that his unlawful arrest and detention claim following the initiation of legal process is cognizable, Plaintiff relies upon the recent Supreme Court ruling in

*Manuel v. City of Joliet, Illinois,* —— U.S. ——, 137 S.Ct. 911, ——, 197 L.Ed.2d 312 (2017). In that case the Supreme Court overruled the Seventh Circuit's determination that a person complaining of being illegally detained following the onset of legal process could only claim a violation of due process pursuant to the Fourteenth Amendment. Following the majority of the Circuits, the Court ruled that "pretrial detention can violate the Fourth Amendment not only when it precedes, but also when it follows, the start of legal process in a criminal case … [and] it can also occur when the legal process itself goes wrong— when, for example, a judge's probable-cause determination is predicated solely on a police officer's false statements." *Manuel v. City of Joliet, supra,* 137 S.Ct. at 918.

■ *Manuel v. City of Joliet, supra,* does not effect the Tenth Circuit legal authority which comports with its ruling by allowing Fourth Amendment challenges to unreasonable seizures following the initiation of legal process. What is at issue, however, is the Tenth Circuit requirement in *Myers v. Koopman, supra,* that the contours of such a claim are defined by analogy to the common-law tort claim of malicious prosecution. I agree with Defendants that Tenth Circuit legal authority requires that claims of a Fourth Amendment violation for unlawful seizure/arrest and detention following the initiation of legal process are analogized to the common law tort of malicious prosecution.

■ A § 1983 malicious prosecution claim includes the following elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the original arrest, continued confinement, or prosecution; (4) the defendant acted with malice; and (5) the plaintiff sustained damages." *Wilkins v. DeReyes, supra,* 528

F.3d at 799 (citations omitted). Plaintiff does not allege that Defendants acted intentionally or with malice. Plaintiff's complaint clearly only alleges only that Defendants acted with reckless disregard and/or gross negligence in mislabeling or otherwise mishandling the DNA evidence. [Doc # 1 ¶¶ 37–39, 45–46] This is confirmed by Plaintiff's affirmative admission that he does not assert a claim based on Defendants' malicious prosecution, but only that the inaccurate lab report was due to Defendants' reckless or grossly negligent false statements. Plaintiff likewise acknowledges that the charges against Plaintiff were dismissed, and he was released from custody, once the lab report was determined to be inaccurate. [Doc # 15 pg. 8] Hence, Plaintiff cannot show, under the facts as alleged and take as true, that Defendants plausibly violated his constitutional rights against unlawful seizure.

To the extent that Plaintiff is asserting that the contours of his § 1983 claim for unreasonable seizure are governed by an undefined common law tort theory *other than* malicious prosecution, he has not provided me with legal authority supporting this argument. Therefore, I agree with Defendants that Plaintiff cannot plausibly show, under the facts as taken as true and alleged in his complaint, that Defendants violated his constitutional right to be free from unreasonable seizure under the Fourth Amendment in this case. Defendants are thus entitled to dismissal under Rule 12(b)(6) of the § 1983 claim asserted against them based on a qualified immunity defense. *See Robbins v. Oklahoma, supra,* 519 F.3d at 1249 (requiring that the plaintiff allege facts sufficient to show that the defendant plausibly violated his or her constitutional rights where a qualified immunity defense is implicated).

I note that in his response to the motion, Plaintiff indicates that he "reserves the

right" to file an Amended Complaint to bring a §⁻1983 claim for violation of his Fourth Amendment rights against the detectives who authored the statement of probable cause in order to obtain the search warrant. [Doc # 15 pg. 9] To establish a Fourth Amendment violation on a facially valid warrant, the law requires proof that the affiant seeking the warrant knew that the challenged information was false or that the affiant had a reckless disregard for its truthfulness. *See Beard v. City of Northglenn, Colo.*, 24 F.3d 110, 114 (10th Cir. 1994)(*citing Franks v. Delaware*, 438 U.S. 154, 155–156, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). Plaintiff specifically notes, however, that he is not moving to amend his complaint to add a Fourth Amendment claim against the detectives at this time. So, I do not reach his unsupported assertion that the allegations in his complaint "clearly would have placed these detectives on notice of their potential involvement in this action."

ACCORDINGLY, I GRANT the Motion to Dismiss filed by Defendants Eric Duvall and Brian Pirot, in their individual capacities, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, based on the defense of qualified immunity. [Doc # 10] And, as such, I DISMISS WITH PREJUDICE Plaintiff Shawnnon Hale's 42 U.S.C. § 1983 claim against them. COSTS ARE AWARDED to Defendants.