**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2934
_____

CONSTANCE WILSON ANDRESEN,
Appellant

v.

GREGORY JACKSON; COMMONWEALTH OF PENNSYLVANIA;
COUNTY OF HUNTINGDON; TROOPER JONATHAN THOMAS;
ERICA SHOAF; DENISE WATKINS
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1-20-cv-00989)
District Judge: Honorable Christopher C. Conner
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 19, 2023
Before: HARDIMAN, RESTREPO, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: February 21, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Constance Wilson Andresen appeals the District Court's order granting Appellee's motion for judgment on the pleadings. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Andresen's claims are well known to the parties and need not be discussed at length. Briefly, Andresen was involved in litigation in state court over the ownership of a parcel of real estate.[1] One of the opposing attorneys in that litigation believed that the notary's signature on some papers filed by Andresen with the Recorder of Deeds had been forged and contacted law enforcement. After speaking with the notary who verified that the signatures were not hers, Appellee Trooper Thomas obtained a warrant for Andresen's arrest, charging her with several felonies—theft by unlawful taking-immovable property and eight counts of forgery—as well as four misdemeanor counts of tampering with records and one misdemeanor count of barratry. She later pleaded nolo contendere to one count of barratry, i.e., vexing others with unjust and vexatious lawsuits. See 18 Pa. Con. Stat. Ann. § 5109.

---

[1] The Court of Common Pleas of Huntingdon County granted judgment against Andresen and awarded attorney's fees to three defendants. The Superior Court of Pennsylvania quashed her appeal and concluded that her pursuit of the appeal was "dilatory, obdurate or vexatious" and awarded additional attorney's fees for the appeal. Andresen v. Ody, No. 1037 MDA 2020, 2021 WL 276172, *4 (Pa. Super. Ct. 2021).

2

Andresen filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania against several defendants alleging, inter alia, claims of false arrest, malicious prosecution, and excessive force. The defendants filed motions to dismiss. The District Court granted the motions but gave her the opportunity to file an amended complaint as to some defendants. After she filed an amended complaint, the defendants again moved to dismiss. The District Court granted the motions, dismissing all her claims except a claim of excessive force against Thomas, who later moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). The District Court adopted a Magistrate Judge's Report and Recommendation that the motion be granted. Andresen filed a notice of appeal. She was advised that we would consider whether the District Court's order should be summarily affirmed. Andresen has filed argument in support of her appeal.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We may summarily affirm a District Court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

While Andresen complains that she was denied discovery, we agree with the District Court that her claims fail as a matter of law and no additional factual development is needed. Her claim of malicious prosecution fails because it would necessarily imply the invalidity of her conviction. See Heck v. Humphrey, 512 U.S. 477,

487 (1994) (civil action that would impugn a criminal conviction if successful cannot be maintained until that conviction is invalidated); see also Thompson v. Clark, 142 S. Ct. 1332, 1335 (2022) (holding that plaintiff must show a favorable termination of the criminal prosecution to bring a claim of malicious prosecution).[2] Her claims against Erica Shoaf, Denise Watkins, and Gregory Jackson fail because they are not state actors for purposes of § 1983. See Dennis v. Sparks, 449 U.S. 24, 28 (1980); Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). Pennsylvania is immune from suit, see Downey v. Pennsylvania Dep't of Corr., 968 F.3d 299, 309 (3d Cir. 2020), and Andresen failed to state a valid claim of municipal liability against Huntingdon County, see generally Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978).

We focus here mainly on Andresen's excessive force claim. We exercise de novo review over the District Court's granting Thomas's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c) and apply the same standards as those for a motion made pursuant to Rule 12(b)(6). Bibbs v. Trans Union LLC, 43 F.4th 331, 339 (3d Cir. 2022). The District Court must accept the allegations of the non-pleading party,

---

[2] Because Andresen was arrested pursuant to a warrant, her claim for false arrest was, in essence, a malicious prosecution claim, see Wallace v. Kato, 549 U.S. 384, 390 (2007) (explaining that once an individual is held pursuant to legal process, "unlawful detention forms part of the damages for the entirely distinct tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process") (quotation marks and emphasis omitted), and was barred by Heck, see generally Myers v. Koopman, 738 F.3d 1190, 1194–95 (10th Cir. 2013).

4

Andresen, as true and draw all reasonable inferences in her favor. Id. It may grant the motion if the movant is entitled to judgment as a matter of law. Id. We need not address the District Court's conclusion that Thomas was entitled to qualified immunity because we conclude that his alleged actions during the arrest were objectively reasonable as a matter of law.

Claims that a police officer used excessive force in the course of an arrest are analyzed under the Fourth Amendment's reasonableness standard. Graham v. Connor, 490 U.S. 386, 395 (1989). The right to make an arrest includes the right to use some degree of physical coercion or threat to effect it. Id. at 396. The question is whether the officer's actions were objectively reasonable without considering his intent or motivation. Id. at 397.

Andresen alleged in her amended complaint that when Thomas and another trooper arrived at her cousin's home to arrest her, she had just gotten out of the shower and was dressed in a robe. After waiting outside the room for a few minutes, Thomas allegedly barged into the room and verbally abused her, repeatedly ordering her to get dressed and informing her that she would go to jail if she did not see the magistrate before 4 PM. Andresen stated that she was attempting to get dressed but admitted that she was also making a phone call.[3] She asserted that "her robe fell off from the fear and

_____

[3] In a later filing, she stated that she was on the phone with her research assistant during the arrest. See ECF #175 at PDF page 6.

5

loud abusive, unreasonable excessive force." Am. Compl. at ¶ 26. She fell and struck her knee and jaw. Id. at ¶ 28.

In his motion for judgment on the pleadings, Thomas noted that Andresen did not allege that he used any physical force against her. In her response, Andresen acknowledged this but contended that his yelling at a naked woman was an assault on her bodily integrity. However, she admits that she was initially wearing a robe and does not allege that Thomas prevented her in any way from getting dressed. Rather, according to her, he demanded that she get dressed. While Andresen alleges that Trooper Thomas was "out of control with a weapon," she does not allege that he brandished or brought attention to his weapon at any time. It is not unreasonable for a police officer to be armed during an arrest. His staying in the room as she got dressed and after her robe allegedly fell off did not violate her constitutional rights. See Los Angeles v. Rettele, 550 U.S. 609, 615-16 (2007) (per curiam) (holding that police officers did not violate any constitutional rights when they held an innocent naked couple at gunpoint for approximately two minutes while executing a search warrant).

Nor was any alleged verbal abuse by Trooper Thomas unreasonable. Andresen asserted that he told her that she would go to jail if she was not in front of a magistrate by 4 PM. Accepting as true Andresen's allegations that Trooper Thomas yelled at her to get dressed and that she would go to jail, we conclude that such actions during her arrest on felony charges were objectively reasonable as a matter of law. See Graham, 490 U.S. at

396 (noting that the right to make an arrest includes the right to use some degree of physical coercion or threat to effect it).

Summary action is appropriate if there is no substantial question presented in the appeal. <u>See</u> 3d Cir. L.A.R. 27.4 (2011). As the District Court clearly did not err in dismissing Andresen's claims and granting judgment on the pleadings, the appeal does not present a substantial question. Accordingly, we will summarily affirm the District Court's judgment.