**FILED**
**United States Court of Appeals**
**Tenth Circuit**

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**April 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

MATTHEW LEE PHILLIPS,

    Plaintiff - Appellant,

v.

TIMOTHY ROSE; LORENZO EMILIO;
TENTH JUDICIAL DISTRICT
ATTORNEY'S OFFICE,

    Defendants - Appellees.

No. 24-2101
(D.C. No. 2:24-CV-00287-KWR-GBW)
(D. N.M.)

———————————————————

## ORDER AND JUDGMENT[*]

———————————————————

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

———————————————————

Matthew Lee Phillips appeals the dismissal of his pro se civil rights action. Because he proceeds pro se, we afford his materials a liberal construction, although we do not act as his advocate. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

According to the amended complaint, Phillips witnessed four people burglarizing his truck. When he confronted them, they assaulted him and fled but were later apprehended. They were between the ages of 12 and 22, and the mother of one of the burglars used her political connections to have Phillips charged with three counts of child abuse and one count of assault with a deadly weapon. The charges eventually were dropped via *nolle prosequi* because, according to Phillips, they were based on falsified evidence and an incomplete investigation.

Once the criminal charges were dropped, Phillips filed suit in New Mexico state court against the prosecutor, Timothy Rose; an investigator, Lorenzo Emilio; and the Tenth Judicial District Attorney's Office. Defendants removed the case to the United States District Court for the District of New Mexico and moved to dismiss. Phillips failed to respond to the motion to dismiss, so the district court ordered him to show cause why the case should not be dismissed. The district court evaluated Phillips's claims, detailed why they were subject to dismissal, and ordered him either to explain why the complaint should not be dismissed or to file an amended complaint. Phillips responded with a "Motion to Push Pretrial Hearing or Push Back to 3rd Judicial District Court of Dona Ana County," R. at 141, which did not address the district court's substantive concerns. He also filed his amended complaint.

The district court distilled from the amended complaint five federal claims and two state-law claims. The court dismissed the federal claims for failure to state a

2

claim and declined to exercise supplemental jurisdiction over the state-law claims.

Phillips subsequently appealed and now generally reiterates the merits of his claims.

## II

Under our de novo review and looking for plausibility in the complaint, *see Seale v. Peacock*, 32 F.4th 1011, 1021 (10th Cir. 2022), we affirm the district court's judgment for substantially the same reasons stated in the district court's detailed and comprehensive order dated July 9, 2024.

In analyzing the federal claims, the district court first observed that Phillips asserted a claim under 18 U.S.C. § 242, a criminal provision outlawing the deprivation of civil rights under color of law. The district court correctly dismissed this claim because § 242 does not provide a private cause of action. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994). To the extent Phillips asserted a municipal liability theory against the Tenth Judicial District Attorney's Office under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the district court recognized he failed to plausibly allege that a municipal policy or custom was the moving force behind a constitutional violation. *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).

Second, Phillips claimed defendants violated the Fifth Amendment by charging him without a grand jury indictment. As the district court explained, however, *see* R. at 189, "the Fifth Amendment right to grand jury indictment has never been 'incorporated' via the Fourteenth Amendment as a substantive restriction on state criminal procedure, and thus may not be the basis of a claim under 42 U.S.C.

§ 1983." *Clanton v. Cooper*, 129 F.3d 1147, 1155 (10th Cir. 1997), *overruled on other grounds by Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007) (citing *Branzburg v. Hayes*, 408 U.S. 665, 688 n.25 (1972)) (internal quotation marks omitted). Phillips also alleged a Fifth Amendment due process violation because defendants allegedly failed to adequately review the evidence and charged him based on false statements. The district court construed this aspect of his claim as alleging a Fourteenth Amendment due process violation that could be cured with an adequate post-deprivation remedy—state tort law. *See Myers v. Koopman*, 738 F.3d 1190, 1193 (10th Cir. 2013), *amended on denial of reh'g* (Jan. 8, 2014) ("If a state actor's harmful conduct is unauthorized and thus could not be anticipated pre-deprivation, then an adequate post-deprivation remedy—such as a state tort claim—will satisfy due process requirements.").

Third, Phillips alleged the criminal charges violated his Second Amendment rights. The district court rejected this claim, noting he failed to cite any authority holding that a prohibition on firearm possession while under indictment for a felony violates the Second Amendment. R. at 190-91. On appeal, Phillips contends the district court failed to address his claim, *see* Aplt. Opening Br. at 16, but the record plainly refutes his contention.

Fourth, Phillips asserted a Sixth Amendment speedy trial violation. The district court correctly dismissed this claim as moot because "[t]he sole remedy for a violation of the speedy trial right [is] dismissal of the charges," *Betterman v. Montana*, 578 U.S. 437, 444 (2016), and the charges here were already dismissed.

4

Fifth, Phillips alleged defendants prosecuted him without probable cause in violation of the Fourth Amendment. He averred they failed to adequately investigate the case and prosecuted him based on false statements and racial bias. The district court construed these allegations as a malicious-prosecution claim. *See Myers*, 738 F.3d at 1194 ("Unreasonable seizures imposed with legal process precipitate Fourth Amendment malicious-prosecution claims."). But Phillips failed to allege facts establishing the absence of probable cause or the omission of exculpatory evidence. *See Mglej v. Gardner*, 974 F.3d 1151, 1170 (10th Cir. 2020) (listing the absence of probable cause as an element of malicious prosecution); *Puller v. Baca*, 781 F.3d 1190, 1197 (10th Cir. 2015) (holding the Fourth Amendment is violated by the knowing or reckless inclusion of false statements in an arrest warrant affidavit, or the knowing or reckless omission of information that would vitiate probable cause). Instead, Phillips made only conclusory allegations that defendants falsified evidence and failed to investigate, which were insufficient to state a claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (recognizing that mere conclusory statements do not satisfy the plausibility standard required to state a claim for relief). As for the allegations of racial discrimination, the district court construed them as attempting to establish malice. *See Mglej*, 974 F.3d at 1170-71 (listing malice as an element of malicious prosecution, which "may be inferred if a defendant causes the prosecution without arguable probable cause"). Phillips averred that he is white, Emilio is Hispanic, the burglars are non-white, and the Black Lives Matter movement was underway. The district court correctly recognized these allegations were

5

insufficient to infer malice because they did not suggest any racial animus in the decision to charge Phillips. Hence, the district court properly dismissed this claim for failing to plausibly allege a malicious prosecution.[1]

Having dismissed all the federal claims, the district court declined to exercise supplemental jurisdiction over the state-law claims and remanded them to state court. We review the district court's decision for an abuse of discretion, *see Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (reviewing for abuse of discretion), and perceive none. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Id.* (internal quotation marks omitted). The district court's dismissal of the federal claims left only Phillips's two state-law claims, which the district court appropriately remanded to state court.

### III

Accordingly, the district court's judgment is affirmed.

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[1] The district court alternatively determined that Rose and Emilio were entitled to absolute immunity. Given our disposition, we need not consider this determination.